**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3998-15T4

ANDREW KING,

    Plaintiff-Appellant,

v.

BOROUGH OF SOUTH RIVER,

    Defendant-Respondent.

_____

Submitted July 5, 2017 — Decided October 23, 2017

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey,
Chancery Division, Middlesex County, Docket
No. C-000139-15.

Sciarra & Catrambone, LLC, attorneys for
appellant (Charles J. Sciarra, of counsel; Mr.
Sciarra and Christopher A. Gray, on the
briefs.)

Apruzzese, McDermott, Mastro & Murphy, PC,
attorneys for respondent (Mark J. Blunda, of
counsel and on the brief).

PER CURIAM

    Plaintiff, Andrew King, appeals from the April 22, 2016 order

for judgment upholding his termination from employment as a Borough

of South River police officer. The Borough had terminated plaintiff after he tested positive for cocaine in a randomly administered drug test. On appeal, plaintiff argues that the Borough failed to prove the reliability of the New Jersey State Toxicology Laboratory report on which it based its disciplinary charges. Plaintiff also contends the judge who conducted the hearing on his disciplinary charges improperly shifted the burden of proof to him. The record belies these contentions. Accordingly, we affirm the order of judgment.

During the first week in May 2014, the Borough of South River Police Department randomly selected eight "police personnel," including plaintiff, for random drug testing. In accordance with established policy and procedure, plaintiff filled out a drug testing medication information form and provided a urine sample. He represented on the form that he had taken no prescription or non-prescription medication, cough medicines, cold tablets, aspirin, diet medication, or nutritional supplements within the preceding fourteen days. Plaintiff's sample was sent to the New Jersey State Toxicology Laboratory in Newark, where testing revealed the presence of Benzoylecgonine, a metabolite of cocaine.

Plaintiff was notified of the positive results, suspended without pay, and charged with a violation of the Department's policy on drug testing as well as numerous other infractions.

Following a departmental hearing, a hearing officer recommended plaintiff be terminated from his position. The Borough's governing body adopted the hearing officer's recommendation and terminated plaintiff's employment on August 10, 2015. Plaintiff timely filed a complaint in Superior Court, alleging the Borough terminated him without just cause, and seeking de novo review of the Borough's decision.

Following a de novo hearing, Judge Frank M. Ciuffani issued a written decision in which he determined plaintiff knowingly ingested cocaine. Judge Ciuffani upheld plaintiff's termination from employment as mandated by applicable drug testing policies.

On appeal, plaintiff argues two points: the New Jersey State Toxicology Laboratory report is arbitrary; and the trial court improperly shifted the burden of proof to him. We reject these arguments and affirm the order for judgment, substantially for the reasons expressed by Judge Ciuffani in his written decision. We add the following brief comments.

Plaintiff supports his arguments mostly with unsupported assertions and statements of the court that plaintiff takes out of context. For example, in support of his first argument that the lab report of plaintiff's urine sample was arbitrary, plaintiff asserts, "[t]he laboratory in the matter failed to follow established guidelines for the handling of drug testing." His

citation to the record is a reference to the <u>New Jersey Law Enforcement Drug Testing Manual</u>. Plaintiff cites to no evidence that supports his claim the guidelines were not followed.

Moreover, the trial court rejected plaintiff's challenge to the lab results. The State presented as a witness the Acting Director of the New Jersey State Toxicology Laboratory, who gave a detailed explanation of the protocols and procedures for testing random samples, as well as the threshold or "cutoff" level for cocaine. The Acting Director authenticated documents concerning the tests performed on plaintiff's sample, explained that he reviewed all the data concerning plaintiff's sample, and testified he signed off on the final reports.

The court found the State Laboratory Director's testimony concerning the sampling and testing procedures and protocols "trustworthy and reliable." This finding was amply supported by sufficient credible evidence in the record, so we will not disturb it. <u>Willingboro Mall, LTD. v. 240/242 Franklin Ave., LLC</u>, 215 <u>N.J.</u> 242, 253 (2013).

Plaintiff's contention the trial court shifted the burden of proof is also devoid of merit. In its written opinion, the trial court stated explicitly that "[d]isciplinary charges against police officers must be proven by the employer by a preponderance of credible evidence." Plaintiff overlooks that statement and

instead emphasizes the court's finding that plaintiff "failed to prove that he knowingly ingested cocaine."

Plaintiff's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION